IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NEDRICK JEFFREY HARDY, SR.,** )<br>**B50437,** )<br> )<br> **Plaintiff,** )<br> ) Case No. 25-cv-240-DWD<br>**vs.** )<br> )<br>**J.B. PRITZKER,** )<br> )<br> **Defendant.** ) | |

## **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Nedrick Jeffrey Hardy, Sr., an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed a Motion for a Preliminary Injunction to initiate the opening of this action (Doc. 1). On March 5, 2025, the Court denied the Motion and advised Plaintiff that before he could proceed on any request for injunctive relief, he must first file a proper complaint. (Doc. 3). Plaintiff sought and was granted additional time to file his amended complaint, and his current deadline is May 5, 2025. Since receiving additional time, Plaintiff has filed a second Motion for a Preliminary Injunction (Doc. 6), and two Motions for Recruitment of Counsel (Docs. 7, 8). For reasons explained, the Motions for Counsel are both denied without prejudice, and the Court will take the preliminary injunction under advisement.

In the Second Motion for a Preliminary Injunction and the motions for counsel, Plaintiff argues that prison staff are obstructing his access to the courts because they have established various document requirements for documents to be scanned and e-filed with

the Court. He tendered a copy of an internal prison memorandum that reflects the purported limits. It indicates that prison library staff will not e-file documents if they are double-sided, if they are in poor condition, or if they are more than 150 pages in length. (Doc. 7). He claims his own complaint is 115 pages double-sided, so it has been rejected for e-filing. He argues that this means he will be required to pay for postage and copies to mail his complaint to the Court, but he does not have the money to pay such fees after mailing the Court the $405 filing fee.

Whatever merit these arguments may have, the Court already explained to Plaintiff that it cannot grant *any* form of injunctive relief until he files a proper operative pleading. Additionally, injunctive relief may only be granted in a case if it is tied to the substance of the underlying claims, because the purpose of injunctive relief is to preserve the status quo for the duration of litigation. *See e.g., Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Here, Plaintiff still has not filed a complaint, and without a complaint on file, the Court cannot make a determination of if the requested injunctive relief is actually related to the underlying claims or if it is a separate and unrelated problem. Of course, the Court takes the issue of access seriously, but it simply cannot put the cart before the horse and grant injunctive relief without knowing the basics of Plaintiff's claims.

Plaintiff describes some of his potential claims and the nature of his proposed 115-page double-sided pleading at various places throughout his three pending motions. It

appears from his description that he intends to submit the complaint AND exhibits, but it is not necessary for him to submit exhibits with his initial pleading. Federal Rule of Civil Procedure 8(a)(1) requires a short plain statement of the claim for relief. A pro se plaintiff is not expected to plead any legal theories, and certainly is not required to submit evidence. All that is needed is the basic who, what, when and where about the claim(s) presented. Additionally, Federal Rules of Civil Procedure 18-21 govern the joinder of multiple claims in a single suit. Plaintiff discusses numerous potential topics including conditions of confinement, excessive force, deliberate indifference to multiple medical issues, the need for ADA accommodations, and more. With even just this generic information, it seems almost certain that Plaintiff's 115-page double-sided pleading likely does not satisfy Rules 8, 18, 20 and 21. For these reasons, Plaintiff may do well to draft a shorter document for submission.

Given that the Court cannot grant injunctive relief without an operative complaint, the Court will not issue any ruling on Plaintiff's Second Motion for a Preliminary Injunction (Doc. 6). Instead, it will defer ruling on the Motion to allow Plaintiff time to file an operative complaint. He is encouraged to shorten his pleading to the extent possible, and to heed Rules 8, 18, 20, and 21, when preparing his submission.

As for Plaintiff's Motions for Counsel (Docs. 7, 8) they will be denied for two reasons. First, he argues that he has contacted numerous individuals or entities for representation, but he has not provided proof of his efforts. If he does not have copies of his correspondence, he may tender proof in the form of information about when he sent letters, receipts for postage if applicable, and details about the contents of his letters. *See*

*Ball v. Kennedy*, 73 F.4th 545 (7th Cir. 2023) (endorsing a district court's rejection of counsel because Plaintiff never complied with requirement to give proof of five attempts to contact counsel in any detail). Second, the Court does not find it appropriate to consider appointing counsel before an operative complaint is filed because it cannot adequately assess the complexity of the claims or of the tasks required by the litigation. Thus, Plaintiff's Motions for Counsel (Docs. 7, 8) will be denied without prejudice. At this stage, it sounds like Plaintiff has not faced any problems drafting his complaint or other pleadings on his own behalf, and the pleadings he has managed to file with the Court have been coherent and have cited relevant authority. Against this backdrop, Plaintiff is managing the case fine at this juncture on his own. Any future motion must be accompanied by more detailed proof of his own efforts to retain counsel.

## Disposition

Accordingly, any ruling on the Second Motion for a Preliminary Injunction (Doc. 6) is **DEFERRED** pending the filing of an operative complaint. Plaintiff shall have until May 5, 2025, to file a proper complaint. The Clerk of Court is **DIRECTED** to send him a § 1983 template. Plaintiff's Motions for Recruitment of Counsel (Docs. 7, 8) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 15, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
