IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NEDRICK JEFFREY HARDY, SR., B50437,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **J.B. PRITZKER, et al.,** ) <br> ) <br> **Defendants.** ) | Case No. 25-cv-240-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Nedrick Jeffrey Hardy, Sr., an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed a Motion for a Preliminary Injunction to initiate the opening of this action (Doc. 1). The Court denied the Motion and explained that it could not grant any injunctive relief without a valid operative pleading. (Doc. 3). After significant back and forth, Plaintiff eventually filed a pleading on May 7, 2025 (Doc. 17), however the Court ultimately determined that the pleading contained misjoined claims, so the pleading was stricken. (Doc. 21). Plaintiff now has until June 18, 2025, to file a proper amended complaint. In the interim, he has now filed an additional Motion for Recruitment of Counsel (Doc. 20), a Motion for Status (Doc. 22), and a Motion for a Preliminary Injunction (Doc. 23). For reasons explained in this Order, all three motions will be denied.

First, as the Court previously explained, this action has not been properly initiated. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3.

Because the Court struck Plaintiff's Complaint (Doc. 17) for violations of the Rules of Civil Procedure, Plaintiff still does not have an operative complaint and thus has no basis upon which to seek injunctive relief. In his latest Motion for a Preliminary Injunction (Doc. 23), he seeks immediate medical care related to a hernia and blood pressure/a potential stroke. Although inmates certainly can seek injunctive relief related to medical needs, Plaintiff would first need to file a complaint, and he would need claims to pass screening under 28 U.S.C. § 1915A before he could be eligible for injunctive relief related to his medical needs. Without a valid complaint, his Motion for a Preliminary Injunction (Doc. 23) must be denied.

Second, Plaintiff's Motion for Status (Doc. 22) is also a request for injunctive relief, but this request concerns Plaintiff's ability to access the Courts, rather than his medical situation. Again, without an operative complaint concerning his medical situation, Plaintiff cannot secure injunctive relief, and the Motion (Doc. 22) must be denied.

Third, Plaintiff's Motion for Recruitment of Counsel (Doc. 20) again reiterates his desire for counsel, which he has raised, and which the Court already discussed in detail in the Order directing him to file an amended pleading (Doc. 21). Plaintiff argues that he has made his own attempts to recruit counsel, that he needs counsel because this case concerns complex medical issues, and that he needs counsel because law library staff at the prison are frustrating his ability to access the Courts. There is nothing novel about this motion compared to Plaintiff's previous requests for counsel. The Court acknowledges that Plaintiff has made his own attempts to recruit counsel, but this is only half of the inquiry. He must also demonstrate that the case is complex and that he is

unable to adequately represent his own interests. He argues here that the case is complex and that he does not have access to the full panoply of legal research tools he would like to possess, but right now the task at hand is simple. Plaintiff needs to file a concise amended complaint that clearly and directly explains the facts that give rise to his lawsuit. He does not need to include citations to legal precedent, and he does not need to argue discrete legal theories. The Court will construe his factual allegations broadly and will consider which legal theories might best fit his situation. This task is simple and does not require legal research capabilities to accomplish.

Plaintiff argues that later in the case he will need expert witnesses to prove his points because his case deals with complex medical conditions. This certainly might be true, but the need for experts later in the case does not mandate the appointment of counsel early in the case. The Court recognizes that as the case progresses beyond §1915A review, it will likely increase in complexity, and it will revisit the issue of counsel later when it is appropriate.

To the extent that Plaintiff argues it is hard for him to manage this litigation on his own, the Court is not presently convinced that the case exceeds his abilities. He has drafted numerous pleadings that have been filed in this case—both handwritten and typed. He also acknowledged in earlier pleadings that he has at times acted as a jailhouse lawyer for others at the prison. Against this backdrop, the Court does not find that his present physical or mental condition impairs him so substantially that he would be unable to proceed on his own. Thus, his Motion for Recruitment of Counsel (Doc. 20) is denied.

**Disposition**

Plaintiff's Motions For Recruitment of Counsel (Doc. 20), Status (Doc. 22) and a Preliminary Injunction (Doc. 23) are all **DENIED**. Plaintiff still has an obligation to file an amended complaint by June 18, 2025.

**IT IS SO ORDERED.**

Dated: June 10, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge